IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**NICHOLAS R. DORIA, ESQ.**
#011661977
21 Main Street, Suite 151
Hackensack, NJ 07601
(201) 342-6770 Office
(201) 342-6778 Facsimile
ndoria@dorialegal.com

---

| | | |
|---|---|---|
| SUZANNE MORAN & TIMOTHY MORAN | : | Case No. |
| Plaintiff | : | **CIVIL ACTION** |
| v. | : | |
| AECOM TISHMAN CONSTRUCTION CORPORATION AND BROOKFIELD PROPERTIES HUDSON YARDS, LLC, JOHN DOES/JANE DOES 1-10, NAMES BEING FICTICIOUS | : | **COMPLAINT FOR PERSONAL INJURY** |
| | : | **JURY TRIAL DEMANDED** |
| Defendants | : | |

By way of Complaint, the Plaintiffs, Suzanne Moran and Timothy Moran alleges as follows:

### THE PARTIES

1. The Plaintiff, Timothy Moran, is a citizen of the State of New Jersey and resides at 35 Cumberland Road, West Milford, New Jersey with his wife, Suzanne Moran, also a Plaintiff herein.

2. Suzanne Moran is a citizen of the State of New Jersey with her residence at 35 Cumberland Road, West Milford, New Jersey where she resides with her husband Timothy Moran, a Plaintiff herein. This Plaintiff asserts her *per quod* claim for loss of consortium.

1

3. The Defendant, Aecom Tishman Construction Corporation, is a corporation formed in the State of Delaware (hereinafter referred to as "Tishman" or "the Defendants"). **Tishman** acted as the general contractor for the other Defendant, Brookfield Properties Hudson Yards, LLC. **Tishman's** principal office address is 100 Park Avenue, New York, NY 10017.

4. John Does and Jane Does, being fictitious names, as they are not known to the Plaintiffs at this time. They are variously described as any other owner of the property which is the subject matter of this lawsuit; any other subcontractors or general contractors responsible for instructing and directing their employees or agents, to cause the debris at the base of the ladder utilized by the Plaintiff, Timothy Moran, at the time he sustained his severe injuries; apply also to any borrowed employees, as that phrase is utilized in the workman's compensation law of the State of New York.

5. Brookfield Properties Hudson Yards, LLC (hereinafter "Brookfield" or "the Defendants") is an LLC formed under the Laws of the State of Delaware. **Brookfield** is the owner of the property at which the Plaintiff, Timothy Moran, sustained his injuries, located at 435 West 31st Street, New York, NY (referred to hereinafter as "the Premises", "the construction site", "Manhattan West Retail Mall"). This Defendant, **Brookfield**, has its principal place of business in New York City, New York at 250 Vesey Street, 15th Floor, New York, NY 10281. This Defendant may be served with process by serving its registered agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

## **JURISDICTION**

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332 (a) (1) because the Plaintiffs and Defendants are citizens of different states, and the amount in controversy

exceeds $75,000.00, excluding interests and costs. As a result of the fall sustained by the Plaintiff, Timothy Moran, while working as an electrician at the construction site of the Hudson Yards, he did sustain two (2) herniated discs, and the replacement of both of his hips by surgery. The Plaintiff, Suzanne Moran, wife of Timothy Moran, is asserting a *per quod* claim based upon her loss of consortium.

## VENUE

7. Venue is proper in this district under 28 U.S.C. Section 1391 (b) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The Plaintiff, Timothy Moran, was injured while coming down a ladder upon the premises of Hudson Yards, more particularly Manhattan West Retail Mall, located at 435 West 31st Street, Manhattan West Development Properties. Venue is also proper in this district under the above stated statute because the entire property at issue is situated in this district.

## ALLEGATIONS BY PLAINTIFFS COMMON TO ALL COUNTS

8. The Plaintiff, Timothy Moran, was employed as a union electrician by Zwicker Electric Co., Inc., 360 Park Avenue South, New York, NY 10010, at all times mentioned herein.

9. While working at the construction Premises, owned by the Defendant, **Brookfield**, the Plaintiff, Timothy Moran, while coming down a ladder, was caused to fall as a result of construction debris located at the base of the ladder. Plaintiff, Timothy Moran, having never been warned of the placement of that debris at the base of the ladder, was severely injured. Employees of **Tishman** had placed the debris at the base of the ladder.

10. The Plaintiff, Timothy Moran, was injured. In addition to other injuries sustained two (2) herniated discs and the replacement, by surgery, of both of his hips.

11. On July 27, 2020, Timothy Moran was designated by the Social Security Administration as disabled. The notice received by the Plaintiff, Timothy Moran, indicated that the Social Security Administration determined that the date upon which he had become disabled, pursuant to the Rules and Regulations of the Social Security Administration was on March 3, 2020.

12. The Defendant, **Tishman,** was the general contractors for the construction, development and building at the premises where the Plaintiff, Timothy Moran, was injured.

13. At all times mentioned herein, the above referenced location, 435 West 31st Street, New York, NY, variously referred to as "Hudson Yards" or "Manhattan West Development", all of which are designated herein as "the Premises" was the situs of the fall sustained by the Plaintiff, Timothy Moran.

## FIRST COUNT

## (NEGLIGENCE)

14. At all times mentioned herein, the Plaintiff, Timothy Moran, was employed by Zwicker Electric Co., Inc. (hereinafter "Zwicker") and was lawfully upon the premises performing construction work.

15. Defendants by and through their agents, servants and/or employees were negligent, careless and reckless in the ownership, operation, maintenance, management, supervision and control of the aforementioned Premises, and in particular that the Defendants permitted and allowed construction debris and building material to be placed in the area in which the Plaintiff, Timothy Moran, was caused to fall by, among other things, allowing, causing and permitting the premises to become a dangerous and unsafe condition; in failing to properly maintain and/or inspect the Premises including the cleaning of the construction site from

which the Plaintiff was caused to fall, in failing to make the Premises for workers thereon; in failing to provide safe and proper cleaning of debris on the Premises; in failing to regularly conduct inspections to assure the construction area was properly maintained and met code requirements; in failing to employ good cleaning procedures at the construction site; in failing to maintain the Premises in a workman-like, safe and proper manner; in allowing construction materials to remain and exist upon the Premises; in permitting the Premises to remain in an unsafe and hazardous condition; in failing to warn the Plaintiff, of the unsafe condition of the Premises; in failing to train workers in the proper method to maintain the Premises in a safe manner; in failing to exercise that degree of caution, prudence and care warranted under the circumstances; and in otherwise being negligent, careless and/or reckless in the maintenance and control of the Premises.

16. Specifically, the Defendants have breached and violated the Rules and Regulations enacted by the Commissioner of Labor of the State of New York and set forth in the New York Code of Rules and Regulations.

17. On or about January 14, 2020, the Plaintiff, Timothy Moran, was lawfully working on the Premises when he was caused to suffer a fall due to the defective condition and maintenance of the Premises.

18. As a result of the negligence of the Defendants as aforesaid, Plaintiff, Timothy Moran, suffered severe and protracted personal injuries, was incapacitated from pursuing his normal tasks, experienced great pain and suffering, incurred medical expenses, incurred hospital expenses, all of which the Plaintiff believes will continue into the future, all to his detriment and loss, the jurisdiction of limits in this matter.

## SECOND COUNT

## (NEW YORK STATE LABOR LAW SECTION 200)

19. The Plaintiffs repeat, reiterate and reallage with the same force and effect as if more fully set forth herein at length each and every allegation set forth above contained in paragraphs 1-18 above.

20. The Defendants had an obligation and general duty to protect the health and safety of all persons lawfully working and frequenting the Premises.

21. Pursuant to New York State Labor Law Section 200, the Defendants had a duty to construct, equip, arrange, operate, and conduct all activity so as to provide reasonable and adequate protection for the lives, health and safety of all persons lawfully frequenting the Premises, such as the area where the Plaintiff, Timothy Moran, was injured.

22. Additionally, under Section 200 (1) of the New York State Labor Law and as a proximate, Defendants are required to place, operate and guard all machinery, equipment, devices and work areas so as to provide reasonable and adequate protection to all persons upon the Premises and Defendants breached this obligation.

23. Defendants failed to comply with these obligations under Section 200 the New York State Labor Law and as approximate result thereof, Plaintiff, Timothy Moran, was severely injured.

24. As a result of the negligence of the Defendants, as aforesaid, Plaintiff, Timothy Moran, sustained severe and protracted personal injuries, was incapacitated from pursuing his normal tasks, experienced great pain and suffering, incurred medical expenses, incurred hospital expenses, all which the Plaintiff believes will continue into the future, all to his detriment.

## THIRD COUNT

## (MAINTAINING UNSAFE WORKSITE)

25. The Plaintiffs repeat, reiterate and reallege with the same force and effect as if more fully set forth herein at length, each and every allegation set forth above contained in paragraphs 1-24 above.

26. On January 14, 2020, Plaintiff, Timothy Moran, was caused to fall while coming down from a ladder at the Premises due to unsafe conditions, created, tolerated and permitted by the Defendants in failing to provide Plaintiff with a safe place to work, in maintaining a trap and nuisance under the circumstances; in allowing and permitting its Premises to be in an unsafe and defective condition; in failing to provide adequate safeguards for persons working at the construction site; in failing to properly maintain and/or inspect the Premises upon which Plaintiff was caused to fall; in failing to regularly conduct inspections to assure the Premises were safe for all those working upon it; in failing to maintain the Premises in a workman-like, safe and proper manner; in allowing construction materials to remain and exist upon the Premises in an unsafe manner; in permitting the Premises to remain in an unsafe and hazardous condition; in failing to properly train workers to maintain the Premises in a safe condition; in failing to take those precautions reasonable and necessary to avoid the conditions of the Premises which occurred causing the injuries to the Plaintiff, Timothy Moran, and in failing to use that degree of caution, prudence and care which was reasonable and proper under the circumstances.

27. As a result of the negligence of these Defendants, as aforesaid, Plaintiff, Timothy Moran, sustained severe and protracted injuries, was incapacitated from pursuing his normal tasks,

experienced great pain and suffering, incurred medical expenses, incurred hospital expenses, all which the Plaintiff believes will continue in the future, all to his detriment.

## FOURTH COUNT
### (DUTY TO MAINTAIN THE PREMISES DURING CONSTRUCTION)

28. The Plaintiffs repeat, reiterate and reallage with the same force and effect as if more fully set forth herein at length each and every allegation set forth above contained in paragraphs 1-27 above.

29. The Defendants owed a duty to construct, insure, equip, guard, arrange, operate, and conduct all activities in connection with the work being performed at the premises so as to provide reasonable and adequate protection and safety to persons employed therein or lawfully frequenting the premises.

30. At the time of the Plaintiff, Timothy Moran's injuries, sustained upon the Premises, the Defendants were engaged in overseeing the construction site.

31. At all times mentioned herein, the Plaintiff Timothy Moran, was lawfully frequenting the Premises and acting within the scope of his employment.

32. The Defendants were negligent, careless and reckless in violation of the rules, statutes, laws and regulations of the State of New York and such careless, negligent and reckless conduct was a direct and proximate cause of the injuries sustained by the Plaintiff, Timothy Moran.

## FIFTH COUNT

## (PER QUOD CLAIM)

33. The Plaintiffs repeat, reiterate and reallage with the same force and effect as if more fully set forth herein at length each and every allegation set forth above contained in paragraphs 1-32 above inclusive of the First Count and make the same a part hereof by reference thereto.

34. The Plaintiff, Suzanne Moran, is the wife of the Plaintiff, Timothy Moran, the injured Plaintiff herein.

35. As a direct and proximate result of the aforesaid injuries to the Plaintiff, Timothy Moran, the Plaintiff, Suzanne Moran, will be deprived of the consortium and services of the said injured Plaintiff, Timothy Moran.

## DAMAGES

36. As a result of the negligence of the Defendants as aforesaid, the Plaintiff, Timothy Moran, sustained severe and protracted personal injuries, was incapacitated from pursuing his normal tasks, experienced great pain and suffering, incurred medical expenses, incurred hospital expenses, all which the Plaintiff believes will continue into the future, all to his detriment and loss. As a direct and proximate result of Defendant's conduct, as set forth in paragraphs 1-34, Plaintiff suffered the following injuries and damages:

   a) Medical expenses in the past and future;

   b) Physical pain and mental anguish in the past and future;

   c) Lost earnings;

   d) Loss of earning capacity;

e) The Plaintiff, Suzanne Moran, has suffered the loss of consortium

## PRAYER FOR RELIEF

37. For these reasons, Plaintiff asks for judgment against the Defendants for the following:

a) Actual damages;

b) Pre-judgment and post-judgment interest;

c) Punitive damages;

d) Costs of suit;

e) All other and further relief as the court deems just and proper.

*/s/ Nicholas R. Doria, Esq.*

Dated: January 11, 2023         Nicholas R. Doria, Esq.
21 Main Street, Suite 151
Hackensack, NJ 07601
(201) 342-6770 Office
(201) 342-6778 Facsimile
ndoria@dorialegal.com

## JURY DEMAND

Plaintiffs, Suzanne Moran and Timothy Moran, demand trial by jury trial on all issues.

*/s/ Nicholas R. Doria, Esq.*

Dated: January 11, 2023         Nicholas R. Doria, Esq.
21 Main Street, Suite 151
Hackensack, NJ 07601
(201) 342-6770 Office
(201) 342-6778 Facsimile
ndoria@dorialegal.com

## CERTIFICATION

Pursuant to F.R.C.P. 11.2, counsel for the Plaintiffs hereby certifies that to the best of his knowledge, this matter is not the subject of any other action.

                                 /s/ *Nicholas R. Doria, Esq.*

Dated: January 11, 2023         Nicholas R. Doria, Esq.
                                       21 Main Street, Suite 151
                                       Hackensack, NJ 07601
                                       (201) 342-6770 Office
                                       (201) 342-6778 Facsimile
                                       ndoria@dorialegal.com